IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                           **Case No. 01-40097-01**
                                         **11-4027-RDR**

MITCHELL A. JONES,

        Defendant.

_____

**O R D E R**

    This matter is presently before the court upon defendant's pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Having carefully reviewed the briefs filed by the parties, the court is now prepared to rule.

    The defendant entered a plea of guilty in this court to theft of firearms in violation of 18 U.S.C. § 922(u) on February 4, 2002. The defendant was sentenced to a term of imprisonment of 72 months and a term of supervised release of 3 years. The defendant began serving his term of supervised release on February 8, 2007. The defendant was then arrested by the State of Kansas for aggravated robbery charges on July 23, 2009. A petition for a warrant was issued by this court on July 30, 2009 alleging a supervised release violation based upon the state aggravated robbery charges. On March 8, 2010, the defendant was sentenced in Kansas state court to 29 months of incarceration. On March 30, 2010, this court sentenced the defendant to a term of imprisonment of 24 months for

his supervised release violation. The defendant was then returned to state custody for the service of his sentence, where he remains to this date. On July 12, 2010, the defendant filed a pro se motion to amend his revocation judgment. The defendant sought to have the sentence imposed in this court run concurrent with his state sentence. The court denied defendant's motion on September 9, 2010. The court stated:

> The court, in sentencing the defendant on March 30th did not address whether his federal sentence should run concurrently with or consecutive to the sentences imposed in state court. The guidelines indicate that a revocation sentence should be served consecutively to any previously imposed state sentence. See U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."). Although Chapter 7's policy statements are merely advisory, United States v. Tsosie, 376 F.3d 1210, 1218 (10$_{th}$ Cir. 2004), "they must be considered by the trial court in its deliberations concerning punishment for violation of conditions of supervised release," id. (quotation omitted).
> The court is convinced that the sentence imposed on March 30th was appropriate. At the time of sentencing, the court was aware of the prior sentences imposed by the state court. The court believed that a consecutive sentence was appropriate at that time and continues to believe so. Accordingly, defendant's motion to amend the journal entry shall be denied.

The defendant filed the instant motion on March 15, 2011. In this motion, the defendant contends that he was improperly transferred to the custody of the State of Kansas and that he should be serving his federal and state sentences with the Bureau of Prisons (BOP). He argues that the BOP is denying him his

constitutional rights to due process and equal protection because he is being required to serve a longer period of time than intended by the state and federal sentencing courts. He asserts that the State of Kansas ordered his state sentence to run concurrent to his federal sentence and that this order was evidence of relinquishment of jurisdiction by the State of Kansas pursuant to K.S.A. 21-4608(h). He requests the court grant his writ and order the BOP to take custody of him and/or run his federal time concurrent with his state sentence.

As correctly pointed out by the government, the defendant challenges the execution of his sentence in the instant motion. As a result, his petition must be made under 28 U.S.C. § 2241, not § 2255. McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997). Thus, the court shall dismiss defendant's present motion. The court shall direct the clerk to provide the defendant with a copy of the court's pro se § 2241 petition. The defendant is advised that § 2241 claims must be filed in the district in which the inmate is confined. United States v. Montez, 208 F.3d 862, 865 (10th Cir. 2000). The defendant is confined in Kansas so his petition can properly be filed in this court. The defendant is further advised that proper respondent is the custodian of the defendant, the Warden of the Norton Correctional Facility. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence (Doc. # 45) be hereby dismissed. The

clerk of the court is directed to provide the defendant with a copy of the court's pro se form for relief under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

Dated this 5th day of October, 2011 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge